WOOD & LOVINGOOD *v.* HAYNES, HENSON & Co. *et al.*

1. Omissions from and inaccuracies in the schedule of assets and schedule of creditors which the law requires to be attached to a voluntary assignment by an insolvent debtor, may or may not be sufficient to invalidate the assignment. It is impracticable to lay down any rule as to what may be safely omitted from such schedules. In each particular case the question should be determined with reference to the number, materiality and importance of the omissions, and whether they were made by oversight and inadvertence, or deliberately and with intention to defraud. In applications for injunction and receiver, the determination of this question is addressed to the sound discretion of the presiding judge. Intention to defraud in any material matter whatever will always vitiate the assignment.

2. In the present case, there was no abuse of discretion in granting the injunction against the assignee as such, or in appointing the same person receiver to take charge of and hold the assets until the final hearing.

(a) At the final hearing, the jury, under proper instructions from the court, and in view of all the surrounding facts and circumstances, should decide whether or not the assignment should be set aside.

June 26, 1893.

Petition for injunction, etc. Before Judge GOBER. Cherokee county. At chambers, January 31, 1893.

On November 3, 1892, Wood & Lovingood filed an assignment executed by them, for the benefit of creditors, to William Galt. On January 14, 1893, Haynes, Henson & Co., Everett, Ridley, Ragan & Co., and Beck & Gregg Hardware Co., creditors, brought their petition to set aside the assignment as null and void, and for in-

junction and receiver. The injunction was granted, and William Galt was appointed receiver to hold the assets of the defendants under order of the court until the final hearing. To this decision the defendants excepted.

The assignment conveys all the goods, etc., specified in the attached schedule, in trust, to sell, sue for, demand, receive and recover all such sums of money as may be due and payable thereon; and after paying all reasonable and proper costs, charges and expenses, including a reasonable fee for the services of P. P. DuPre, attorney, for writing this deed and schedule, to pay to each and all of the assignors' creditors that may be due and owing to them from the schedule attached; and if the proceeds of said goods, etc., be not sufficient to pay off all creditors, then to pay them *pro rata*, except $126.60 to J. and Mrs. M. Galt and Mrs. M. Roberts, which is preferred; etc. The petition alleges that the assignment is absolutely null and void for the following reasons: The assignors failed and neglected to make a full and complete schedule of their creditors. The schedule filed by them does not contain the names of the following creditors: E. A. Fincher, $13.50; B. F. Perry, $25.98; R. T. Jones & Co., $32.64; H. H. Davis, $2.10; J. D. Johnson, $6.00; Lamar Rankin Drug Co., $6.98; Jack Payne, $4.00; J. H. Kilby, $1.98; A. B. Coggins, $6.00. The amounts due the creditors as stated in the schedule are incorrect in this: The amount due Everett, Ridley, Ragan & Co. is stated to be $936; in fact the assignors owed them $990 besides interest. The amount due J. J. & J. E. Maddox is stated in the schedule to be $360; in fact the assignors owed them only $328.20. The amount due John Silvey & Co. appears in the schedule to be $160.90; in fact the assignors owed them $190 besides interest. The schedule of assets is incorrect and incomplete, and does not contain all the assets of the assignors. They operated two stores

in Cherokee county, in which they carried on a general mercantile business; one in the town of Canton and the other at Pitts' old stand, about ten miles away. When the assignment was made no inventory of the goods and other assets in the storehouse at Pitts' old stand was made, but the assignors made what purported to be an inventory by guessing at the goods contained in that store, which purported inventory is incorrect, incomplete and utterly unreliable. It does not contain a full and complete inventory of the goods. It is impossible to specify in what respect it is incomplete and to enumerate the particular goods that are not enumerated therein, for the reason that no complete and correct inventory of the goods was ever taken. The purported inventory as filed contains goods and assets of the value of $696.42, when in fact the assignors did not have assets of any such amount, but only goods of the value of about $400. They owned a large lot of peas which were not measured, and the amount and value of which was not correctly stated in the inventory. The paper purporting to contain a list of their notes and accounts is incorrect and incomplete. W. C. Haralson was indebted to them $5.23 besides interest, for which they had his note, which was not listed in the schedule. W. A. Davis owed them $10.40 besides interest, for which they held his note, which also was not listed; and so as to an open account for $4.50 due by A. B. Coggins. The petition also charges that the assignors and each of them are hopelessly insolvent and that the assignee accepted the trust, took charge of the assets, disposed of the goods and merchandise to the amount of $3,000 or other large sum, which he has in his possession, and that he has other assets undisposed of, of the value of $500 or other large sum.

The defendants in their answer set up the following: The schedules were as full and complete as they were

able to give at the time of the making of the assign-
ment.  They deny any intention or purpose to defeat
or injure any of their creditors.  The creditors that
were not listed were very small, and were not on the
books on which the names of the creditors were kept,
except E. A. Fincher whose name is found on the book
with that of J. Allen Smith & Co., and the account is so
stated.  When the book was inspected in getting up the
list of creditors, the name of Fincher was overlooked.
The amount due him is only $8.10, as shown by said
book and by the statement submitted by him to the as-
signee.  The claim of H. H. Davis for $2.10 on due-bill
was correct.  The due-bill was given for chickens bought
of him with the understanding that the price was to be
liquidated in trade at the store; and it was given by
Lovingood, one of the firm, at the Canton store in the
absence of Wood who had charge of the business in
Canton generally, while Lovingood operated the store at
Pitts' old stand.  Lovingood failed to enter the due-bill
on any book.  When the schedule of creditors was made
out, Wood gave out the list of creditors for the business
of Canton, and did not know of this due-bill.  Accord-
ing to the best of their knowledge and according to
their own books, the assignors owed nothing to the
Lamar Rankin Drug Co.  They owed A. B. Coggins
nothing.  Jack Payne owed them an account; they
were not indebted to him as charged, but were due him
on some barter $1.77 which had not been credited on
his account.  The amount due B. F. Perry as shown by
their books was a credit of $11.23 ; he was due them
$19.02 ; he had done some advertising and job work for
them, and the amount of his charges was not known to
them; but on investigation they find that the amount
due him is $7.96, which they did not know was due at
the time of making the assignment.  It is not true that
they owed R. T. Jones & Co. $32.60; on the contrary

they owed them only thirty cents, taking the books of Jones & Co. for the facts, while the books of Wood & Lovingood showed that Jones & Co. were indebted to them $6.59. At the time of making the assignment the books showed that J. D. Johnston was indebted to them, and the payment to them of some cotton-seed worth $6.00, was forgotten; his account was not credited as it should have been, through inadvertence of the clerk Wood, and after allowing said credit nothing is due him as charged. Defendants have no knowledge of being indebted to J. H. Kilby in any amount; the account presented by him has been settled. The amount set forth in the schedule as due John Silvey & Co. is correct, as shown by statement made them by Silvey & Co., which they followed in making the schedule. The amount due Everett, Ridley, Ragan & Co. was $937.18, as shown by the books which were mere transcripts of bills furnished by that firm from time to time. It is not true that the assets at Pitts' old stand were lumped together and inventoried by guess, but a complete and minute inventory of said assets was taken by Lovingood and one Forrester. It is true the peas were not measured bushel by bushel, but the boxes in which they were were gauged by one Wiley, and the amount of peas ascertained in that way; the inventory thus obtained was returned as a part of the assignment. Leaving out of the list of assets the notes against Haralson and Davis was a clear oversight; they were in a blank book to themselves, which was overlooked by the parties making the inventory. The notes were called out by one party, and the list made by another. It was mentioned at the time that these notes should be among the assets, but they were not found. However, they are of no value, and the makers thereof are utterly insolvent. The assignment was made in the utmost good faith. Defendants desired all of their creditors to share alike

in their assets; if any were left out, it was a mere inad-
vertence or oversight.   At the time it was made they
had not been sued by any person or firm; and when
they discovered their failing condition, they sought to
do the best they could for all of their creditors.

At the hearing there was evidence adduced, tending
to support the allegations ,on both sides.   B. F. Perry
with a claim of $7.96, and E. A. Fincher with a claim
of $8.10, were made parties plaintiff.   The defendants
said they would pay off these claims, which they could
do by borrowing that amount of money; but no money
was offered or presented, and this offer was not accepted.
After the hearing and before the decision was rendered,
John Silvey & Co. were made parties plaintiff on appli-
cation.   The defendants contend that at the time of
the argument Silvey & Co. were not complaining of any
error in the amount of indebtedness to them in the
schedule of the assignors, and that such alleged discrep-
ancy should not have been considered by the court for
that reason.   They further say that the failure to include
B. F. Perry and E. A. Fincher in the list of creditors is
fully explained in the answer, and when the assignors
offered to pay said claims the same ought not to have
been considered by the court as a ground for granting
the prayer of the plaintiffs.   It is also insisted that the
evidence shows that the assignment was made in good
faith, and that the discrepancies in the lists of assets and
of creditors were not material, and do not show fraud
or any good reason for setting aside the assignment.

J. P. BROOKE and GLENN & MADDOX, for plaintiffs in
error.   BROWN & HUTCHERSON, contra.

LUMPKIN, Justice.

Wood & Lovingood, an insolvent firm of traders,
made a voluntary assignment for the benefit of their
creditors, to one William Galt.   There were several

omissions from, and inaccuracies in, the schedule of assets and schedule of creditors, the nature of which will appear from the reporter's statement.   Because of these omissions and inaccuracies, certain creditors filed their petition to set the assignment aside, and for injunction and receiver.   The court granted the injunction, and appointed Galt receiver to hold the assets of the defendants under order of the court until the final hearing: We are asked to reverse this action of the court below. To do this, it would be necessary to hold that there was an abuse of discretion.   In our opinion, there was none. While it is true that every error or omission in the schedules which the law requires shall be attached to voluntary assignments by insolvent debtors would not be sufficient to invalidate an assignment, it is also true that such errors and omissions may, and usually will, produce this result.   If the schedules are in the main complete and accurate, and through mistake or mere inadvertence something of no great importance is left out, and it is manifest there was no intention to defraud, the assignment may very properly be upheld.   An intention to defraud or deceive in any material matter will, however, always vitiate the assignment; and even when no such intention really exists, an assignment should be set aside when there are omissions of important matters from the schedules attached to it, or when these schedules contain inaccuracies of a substantial nature.   As ruled in *Turnipseed et al.* v. *Schaefer et al.,* 76 *Ga.* 109, it is impossible to lay down any positive and definite rule as to what may be safely omitted from such schedules, when such omissions are occasioned by oversight or inadvertence, and without intention on the part of the assignor, or any purpose to mislead creditors by filing a false, deceptive or incomplete schedule.   The doctrine announced in the second head-note of that case very clearly and accurately states what the rule should

be in such cases, and attention is also directed to the opinion of Mr. Justice HALL, which evidently was carefully prepared after thorough and mature consideration. The conclusion seems to be that in each particular case, whether the assignment should stand or fall should be determined with reference to the number, materiality and importance of the omissions and inaccuracies, and also with reference to the question whether they were made by mere oversight and inadvertence, or deliberately and with intention to defraud. See also *Stultz & Blair et al.* v. *Fleming & Bussey et al.*, 83 *Ga.* 14.

In the present case, the judge below, by appointing the assignee receiver and granting the injunction prayed for, adopted a course which will preserve the rights of the contending parties until the jury, at the final hearing, shall have decided, in view of all the surrounding facts and circumstances, and under proper instructions from the court, whether the assignment should stand or be set aside. This was a wise and proper direction to give to the case.     *Judgment affirmed.*